[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
This case is before the court upon a summary judgment motion filed by MPG, Inc. ("MPG"). Upon consideration of the pleadings, the evidence, the written arguments of counsel, and the applicable law, I find that the motion should be granted.
 I.
This negligence lawsuit arises out of injuries that plaintiff Stacy Rapino sustained when she was assaulted by a third party in the parking lot of the Midnite Auto Parts store ("Midnite"). At all relevant times Midnite Auto was operated by
 to any particular degree of certainty. It would be unreasonable, therefore, to hold a party liable for acts that are for the most part unforeseeable. Thus, the totality of the circumstance must be somewhat overwhelming before a business will be held to be on notice of and therefore under the duty to protect against the criminal acts of others." Reitz, 66 Ohio App.3d at 193-194.
The court in Reitz held that car thefts, juvenile disturbances, non-violent incidents, and one prior similar assault three years earlier did not make the carjacking-related assault on the plaintiff in a non-high crime area foreseeable.
In this case, Michael Powder, an officer of MPG and the manager of Midnite Auto at the time of the plaintiff's assault, testified as to the emergency situations that arose in and around Midnite Auto. According to Mr. Powder, there was one incident where a man became hostile in the store; police eventually arrested the man and his female companion. Police were also called for a medical emergency and for a dispute between an employee and his ex-girlfriend. Mr. Powder also testified that Midnite Auto experienced some shoplifting from the front of the store that went unreported. Finally, Mr. Powder testified that he never received comments or complaints from customers about security in and around Midnite Auto and that he never received notice of any injury to a customer.
Ms. Rapino attached to her memorandum a document purported to be a police "run sheet" showing criminal activity in the area where Midnite Auto is located. This document by itself, however, is not competent summary judgment evidence. See Civ.R. 56 (C). However, even if this document is considered, it is insufficient to create a genuine issue of material fact. The document does not distinguish between crime reports and actual prosecutions, nor does it contain information as to the nature of prosecutions, nor does it contain information as to the nature of the activities occurring at the address listed. For these reasons, the "run sheet" does not contain sufficient evidence to create an inference that the defendant knew or should have known of any potential danger to the plaintiff in this case.
The only competent evidence in the record of any criminal activity in and around Midnite Auto are the few incidents that Mr. Powder testified to. Considering the totality of the circumstances, I find that, in the exercise of reasonable care, MPG could not have forseen Ms. Rapino's injuries. Thus, I find that MPG did not owe a duty to warn or protect Ms. Rapino, and I find that MPG is entitled to summary judgment on Ms. Rapino's complaint.
 JUDGMENT ENTRY
There being no material facts in dispute, it is ordered that defendant MPG, Inc. have summary judgment against plaintiff Stacy Rapino. It is further ordered that Ms. Rapino's complaint is dismissed with prejudice. It is further ordered that costs are assessed to the plaintiff.
 _________________________________ Frederick H. McDonald, Judge